# UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF INDIANA

## 28 U.S.C. § 2254 HABEAS CORPUS PETITION CHALLENGING A PRISON DISCIPLINARY PROCEEDING

*[This form is for a State prisoner to challenge <u>one prison disciplinary proceeding</u>. If you want to challenge more than one, you must file a separate form for each one. If you are challenging a State court or federal conviction, you need a different form.]*

| Name (under which you were convicted):<br><br>Troy Wright | Case No. [*For a new case in this court, leave blank. The court will assign a case number.*]<br><br>3:22-cv-892 |
|---|---|
| Place of Confinement : Indiana State Prison | Earliest Possible Release Date: |

*[Once you know your case number, it is <u>VERY IMPORTANT</u> that you include it on <u>everything</u> you send to the court for this case. <u>DO NOT</u> send more than one copy of anything to the court. <u>NEATLY</u> print in ink (or type) your answers.]*

1. Name of facility holding the hearing: Indiana State Prison.
   Date of hearing: 5/17/2022.   Case number: ISP22-03-0090.   Offense: Possession Of Cellular Telephone.
   Code # 121.   Did you plead guilty? ◯ Yes.   **X** No.

2. Lost earned credit time? ◯ No.   **X** Yes, I lost 180 days earned credit time.
   Was the loss of earned credit time suspended? ◯ No.   **X** Yes, it was suspended until: ____/____/_____.
   If suspended, has it been imposed? **X** No.   ◯ Yes, it was imposed on: ____/____/_____.

3. Demoted in credit class? ◯ No.   **X** Yes, I was demoted from Class 1 to Class 2.
   Was the demotion suspended? ◯ No.   **X** Yes, it was suspended until: ____/____/_____.
   If suspended, has it been imposed? **X** No.   ◯ Yes, it was imposed on: ____/____/_____.

4. Appealed to the Superintendent? ◯ No.   **X** Yes, the result was: Appeal Denied

5. Appealed to Final Reviewing Authority? ◯ No.   **X** Yes, the result was: Appeal Denied.

6. Previously challenged this disciplinary hearing in <u>federal</u> court? **X** No.   ◯ Yes, case number: _____.

7. Are you paying the $5.00 filing fee?
   **X** Yes, I have authorized prison officials to deduct the money from my prisoner trust fund account and send it to the court.
   
   ◯ No, I have attached a separate Prisoner Motion to Proceed In Forma Pauperis AND a copy of my inmate trust fund ledger for the past six months BECAUSE I have less than $15.00 now AND I have received an average of less than $15.00 a month during the past six months.

*[<u>DO NOT</u> write in the margins or on the back of any pages. Attach additional pages if necessary.]*

# GROUNDS RAISED IN THIS HABEAS CORPUS PETITION

[*Explain why the prison disciplinary hearing violated the Constitution, laws, or treaties of the United States. Write the facts supporting each ground. Use simple English words and sentences. Do not use legal terms or quote from cases or statutes. If you want to submit a legal brief or arguments, attach a separate memorandum.*

**CAUTION**: *If you do not present every ground in this petition, you may be barred from doing so later.*]

**GROUND ONE:** [*Briefly describe your claim.*] I was denied the right to use witnesses statements that was requested and provided for my case. The Hearing Officer refused to look at and even consider my witness statement because they were wrote by offenders.

Supporting Facts: [*Do not argue or cite law. Just state the specific facts that support your claim.*]

**PLICY 02-04-101 IX. D. 2. (a, (2), b, d, f, g, i, k, l, m)**

    2.    Witnesses:

        a.    A charged offender may request that the witness testimony of a staff person or offender be presented at the disciplinary hearing.

            (2)    A witness requested by an offender may be denied only if the expected testimony of the witness is unnecessarily repetitive of other testimony or evidence, irrelevant, or beyond the personal knowledge of the witness. The reason that a requested witness is denied shall be <u>specifically</u> documented either on the Notice of Disciplinary Hearing, the Report of Disciplinary Hearing, the Notice to Lay Advocate/Witness, or other appropriate form.

Here Hearing Officer Smith made no documentation in any of the record why the witness statements were denied/never used. (see Documents pgs. 13, 15, 16 and 22)

        b.    If additional witness testimony is determined to be appropriate, the Disciplinary Hearing Officer or other designated staff person may interview any additional witness and report the written results of the interview at the hearing.

        d.    An offender may contact the Disciplinary Review Officer or other designated staff person any time prior to one (1) business day (excluding weekends and holidays) before the scheduled disciplinary hearing and request a witness or a witness statement.

        f.    If a witness is requested, State Form 35447, NOTICE TO WITNESS/LAY ADVOCATE, shall be used to notify the witness.

        g.    A witness notified by State Form 35447 shall be required to provide testimony to the Disciplinary Hearing Officer either in person or by written statement.

[*DO NOT write in the margins or on the back of any pages. Attach additional pages if necessary.*]

    i.    Unless the safety and security of the facility or a person will be threatened, when possible, an offender should be permitted live testimony from a witness who can present relevant and non-repetitive testimony at the hearing. Any other requested witness shall be offered the opportunity to present a written statement based upon questions presented by the offender at the time the offender is screened.

    k.    According to Indiana law, an offender should be allowed to confront and cross-examine a witness, unless the person conducting the hearing finds: (A) that to do so would subject a witness to substantial risk of harm; (B) that to do so would result in the admission of irrelevant or repetitive testimony; or (C) based upon good cause stated on the record, that a witness is unavailable to attend the hearing.

    l.    If the Disciplinary Hearing Officer determines that the witness should not appear, whether or not the witness received a NOTICE TO WITNESS/LAY ADVOCATE, the Disciplinary Hearing Officer may:

        (1)    Meet with the witness or contact the witness by telephone or other means;

        (2)    Obtain a transcript of an oral statement;

        (3)    Obtain a tape-recorded statement;

        (4)    Obtain a written summary of a witness' testimony if:

            (a)    The witness' testimony will be accepted as credible; and,

            (b)    The testimony involves verification of alleged facts, including, but not limited to a witness who will testify to the authenticity of contents of a record or document, cell location, work assignment, staff work schedule or identification.

    m.    Witness statements shall be written or summarized in the appropriate section of State Form 35447, NOTICE TO WITNESS/LAY ADVOCATE and signed by the person making the statement.

On 3/16/22 a Request For Interview Slip was made out Requesting 2 witnesses Jason Phelps cell 331 and Jason Gunter cell 337 This was received by D.H.B. Screening officer on 3/24/22. (see Attached Documents pg. 14)

On 3/30/22 Jason Gunter wrote out a statement on a Notice to Lay Advocate/Witness form and turned it in. (see Documents pg. 15)

On 4/11/22 Screening Officer Chris Chamber took Jason Phelps statement and wrote it out on a Notice to Lay Advocate/witness form due to him being in SMC. (see Documents pg. 16)

Did you present Ground One to the Final Reviewing Authority?   **X** Yes.   ◯ No, because _____ .

**GROUND TWO**: [*Briefly describe your claim.*] At screening I was denied the right to request evidence for my case by the Screening Officer. At Screening I tried requesting Camera but was told I couldn't because the power was off and the cameras wouldn't have been working. The screening officer would not write this on the screening form.

Supporting Facts: [*Do not argue or cite law. Just state the specific facts that support your claim.*]

I.     PURPOSE:     This policy and administrative procedure establishes the rules of conduct for adult offenders committed to the Department of Correction and the procedures to be followed by staff persons and offenders when offenders violate these rules of conduct.

II.     POLICY STATEMENT: (in part)     The Department shall develop procedures to govern the behavior of adult offenders and for the imposition of sanctions when these procedures are violated. These procedures shall encourage self-discipline and self-control and shall assist in preparing the offender for Re-Entry into the community. Additionally, these procedures serve as a means for the Department to manage offenders in a just and fair manner to ensure the safety and security of the facilities, staff persons, offenders, and the public.

Disciplinary sanctions for major offenses shall only be imposed after the offender has been afforded due process and a determination of guilt is made. The sanctions imposed shall be given in such measure and degree as to regulate the offender's behavior and shall be consistent with established guidelines. Disciplinary action shall not be vindictive or retaliatory. Corporal punishment shall be strictly prohibited.

Training shall be provided to staff persons to ensure compliance with this policy and the following administrative procedures and consistency in their application. Offenders shall be informed of this policy and administrative procedure in a manner appropriate to ensure understanding and the opportunity for compliance.

**POLICY 02-04-101 IX. D. 3. (a, b, e,)**

         3.     Evidence

                 a.     An offender may request physical or documentary evidence (*e.g.,* videotapes, memoranda, etc.) to be considered by the Disciplinary Hearing Officer. State Form 39585, NOTICE OF DISCIPLINARY HEARING shall be used to record any evidentiary requests made at the screening. Additional pages may be used, if necessary. If the offender brings relevant evidence to the hearing, the Disciplinary Hearing Officer shall consider the evidence.

                 b.     When an offender requests evidence, the Disciplinary Review Officer shall determine whether such evidence exists and, if available, provide the evidence to the Disciplinary Hearing Officer.

[*DO NOT write in the margins or on the back of any pages. Attach additional pages if necessary.*]

    e.    Any evidence requested by an offender, either at the time of screening or during the disciplinary hearing, shall be addressed. Requests for evidence shall not be denied without a written explanation documented on the REPORT OF DISCIPLINARY HEARING.

Did you present Ground Two to the Final Reviewing Authority? **X** Yes. ◯ No, because _____.

**GROUND THREE:** [*Briefly describe your claim.*] I was denied evidence requested for my case. At screening I was told by the Screening Officer I could send in a request slip with the evidence I wanted on it.

Supporting Facts: [*Do not argue or cite law. Just state the specific facts that support your claim.*]

**POLICY 02-04-101 IX. D. 3. (a, b, e,)**

    3.    Evidence

        a.    An offender may request physical or documentary evidence (*e.g.,* videotapes, memoranda, etc.) to be considered by the Disciplinary Hearing Officer. State Form 39585, NOTICE OF DISCIPLINARY HEARING shall be used to record any evidentiary requests made at the screening. Additional pages may be used, if necessary. If the offender brings relevant evidence to the hearing, the Disciplinary Hearing Officer shall consider the evidence.

Request for ACH Log Book/Shake Down Log wrote out on 3/16/22 and sent to DHB. (see Documents pg. 14)

        b.    When an offender requests evidence, the Disciplinary Review Officer shall determine whether such evidence exists and, if available, provide the evidence to the Disciplinary Hearing Officer.

        c.    When an offender requests evidence that may contain security related information (such as surveillance video recordings) the Disciplinary Hearing Officer may determine that due to the nature of the evidence, the offender should not be granted access to it. In such case, the Disciplinary Hearing Officer shall review the evidence and prepare a detailed summary of the evidence. The Disciplinary Hearing Officer shall sign the summary and a copy shall be provided to the charged offender at least 24 hours prior to the hearing. Additionally, the Disciplinary Hearing Officer shall document on the REPORT OF DISCIPLINARY HEARING that the evidence was reviewed outside the presence of the offender and the reason for this action, as well as what was discovered during the review.

        It is not sufficient to simply state that an offender may not personally review evidence because it presents a safety or security concern. If the offender requests

[*DO NOT write in the margins or on the back of any pages. Attach additional pages if necessary.*]

> evidence that contains security related information, the Disciplinary Hearing Officer shall specifically articulate in the record the reason for the safety and security concern. The reason should be legitimate and clearly stated. The reason should be stated in a way sufficient to convey to the offender and a reviewer of the record the safety and security reason without divulging confidential information.

There is no detailed summary of any evidence in the administrative record. On the Report of Disciplinary Hearing form the Hearing Officer marked in the evidence section Other and wrote Confidential Daily Log and nothing more. (see Documents pg. 22)

> e. Any evidence requested by an offender, either at the time of screening or during the disciplinary hearing, shall be addressed. Requests for evidence shall not be denied without a written explanation documented on the REPORT OF DISCIPLINARY HEARING.

Did you present Ground Three to the Final Reviewing Authority?  X Yes.  ◯ No, because _____.

**GROUND FOUR**: [*Briefly describe your claim.*] I was denied evidence requested for my case. On 5/4/22 my case was postponed. At that time I was told by one of the Lay Advocates I should have also requested the ACH Visitors Log. I asked if I could put in a request for this and the Screening Officer stated put it on a request slip. I made out the request slip right there and handed it to him.

Supporting Facts: [*Do not argue or cite law. Just state the specific facts that support your claim.*]

**POLICY 02-04-101 IX. D. 3. (a, b, e,)**

> 3. Evidence
>    a. An offender may request physical or documentary evidence (*e.g.*, videotapes, memoranda, etc.) to be considered by the Disciplinary Hearing Officer. State Form 39585, NOTICE OF DISCIPLINARY HEARING shall be used to record any evidentiary requests made at the screening. Additional pages may be used, if necessary. If the offender brings relevant evidence to the hearing, the Disciplinary Hearing Officer shall consider the evidence.
>    b. When an offender requests evidence, the Disciplinary Review Officer shall determine whether such evidence exists and, if available, provide the evidence to the Disciplinary Hearing Officer.

A Request Slip was made out requesting ACH Visitors Log on 5/4/22 and turned into Screening Officer Day. (see Documents pg. 21)

[*DO NOT write in the margins or on the back of any pages. Attach additional pages if necessary.*]

    c.    When an offender requests evidence that may contain security related information (such as surveillance video recordings) the Disciplinary Hearing Officer may determine that due to the nature of the evidence, the offender should not be granted access to it. In such case, the Disciplinary Hearing Officer shall review the evidence and prepare a detailed summary of the evidence. The Disciplinary Hearing Officer shall sign the summary and a copy shall be provided to the charged offender at least 24 hours prior to the hearing. Additionally, the Disciplinary Hearing Officer shall document on the REPORT OF DISCIPLINARY HEARING that the evidence was reviewed outside the presence of the offender and the reason for this action, as well as what was discovered during the review.

It is not sufficient to simply state that an offender may not personally review evidence because it presents a safety or security concern. If the offender requests evidence that contains security related information, the Disciplinary Hearing Officer shall specifically articulate in the record the reason for the safety and security concern. The reason should be legitimate and clearly stated. The reason should be stated in a way sufficient to convey to the offender and a reviewer of the record the safety and security reason without divulging confidential information.

    e.    Any evidence requested by an offender, either at the time of screening or during the disciplinary hearing, shall be addressed. Requests for evidence shall not be denied without a written explanation documented on the REPORT OF DISCIPLINARY HEARING.

There is nothing in the administrative record stating the Hearing Officer ever received this, denied this or addressed this. The only mention of this is in the offenders comment section on the Report of Disciplinary Hearing form in my statement. (see Documents pg. 22)

Did you present Ground Three to the Final Reviewing Authority?  **X** Yes.  ◯ No, because _____.

**GROUND FIVE:** [*Briefly describe your claim.*] I was denied the right to a fair hearing before an impartial decision maker.

    Supporting Facts: [*Do not argue or cite law. Just state the specific facts that support your claim.*]

I.    PURPOSE:    This policy and administrative procedure establishes the rules of conduct for adult offenders committed to the Department of Correction and the procedures to be followed by staff persons and offenders when offenders violate these rules of conduct.

II.    POLICY STATEMENT: (in part)    The Department shall develop procedures to govern the behavior of adult offenders and for the imposition of sanctions when these procedures are violated. These procedures shall encourage self-discipline and self-control and shall assist in preparing the offender for Re-Entry into the

[*DO NOT write in the margins or on the back of any pages. Attach additional pages if necessary.*]

community. Additionally, these procedures serve as a means for the Department to manage offenders in a just and fair manner to ensure the safety and security of the facilities, staff persons, offenders, and the public.

Disciplinary sanctions for major offenses shall only be imposed after the offender has been afforded due process and a determination of guilt is made. The sanctions imposed shall be given in such measure and degree as to regulate the offender's behavior and shall be consistent with established guidelines. Disciplinary action shall not be vindictive or retaliatory. Corporal punishment shall be strictly prohibited.

Training shall be provided to staff persons to ensure compliance with this policy and the following administrative procedures and consistency in their application. Offenders shall be informed of this policy and administrative procedure in a manner appropriate to ensure understanding and the opportunity for compliance.

E. OPERATION OF DISCIPLINARY HEARINGS:

1. Conduct of hearing:

    b. The Disciplinary Hearing Officer shall call witnesses and hear testimony and review evidence both favorable and unfavorable to the accused offender. Should the offender choose to waive his/her rights to a witness/Lay Advocate/evidence during the disciplinary hearing, the Disciplinary Hearing Officer shall note such waiver on the REPORT OF DISCIPLINARY HEARING and the offender shall sign indicating acknowledgment of this waiver.

    c. The Disciplinary Hearing Officer shall afford each offender all rights as contained in this policy and administrative procedure and on State Form 39585.

2. Deliberation and Decision:

    a. The Disciplinary Hearing Officer shall consider all evidence (physical, written, and verbal) obtained in the disciplinary process. Observers shall not enter into discussions with the Disciplinary Hearing Officer or attempt to influence the Disciplinary Hearing Officer's decision.

    c. A not guilty or guilty finding shall be supported by a preponderance of the evidence. A preponderance of the evidence means "more likely than not."

        (1) The decision shall be based solely upon information obtained during the hearing process, including staff reports, statements from the charged offender, evidence derived from witnesses and documents and physical evidence, if any.

(2) The Disciplinary Hearing Officer shall document all evidence considered in the disciplinary hearing on the REPORT OF DISCIPLINARY HEARING.

(3) The Disciplinary Hearing Officer shall not simply check a box. Further explanation or description of what was relied upon and what was considered is required.

(4) The evidence relied upon shall be documented in the "Evidence Relied Upon" section of the REPORT OF DISCIPLINARY HEARING. The Disciplinary Hearing Officer shall articulate how the evidence relied upon supports the not guilty or guilty finding. The "Evidence Relied Upon" section may list all or a subset of all the evidence considered. It is the evidence the Disciplinary Hearing Officer relied on to support his or her decision.

(5) A written record of disciplinary hearings shall be made and maintained for a period of twelve (12) months by the Disciplinary Hearing Officer.

The Hearing Officer only marked Staff Reports, Other "Confidential Daily Log" and Physical Evidence "Confiscation Slip and Evidence Card" as evidence relied on. The Hearing Officer than stated the physical evidence supports the finding of Guilt. (see Documents pg.22)

Did you present Ground Three to the Final Reviewing Authority?   X Yes.   ◯ No, because _____.

**GROUND SIX**: [*Briefly describe your claim.*] I was denied the right to a fair hearing before an impartial decision maker.

Supporting Facts: [*Do not argue or cite law. Just state the specific facts that support your claim.*]

E. OPERATION OF DISCIPLINARY HEARINGS:

1. Conduct of hearing:

    a. No staff person who has had any role in a particular conduct report, whether as the reporting or witnessing staff person, as an investigator in the case or as a Disciplinary Review Officer, may serve as the Disciplinary Hearing Officer.

    b. The Disciplinary Hearing Officer shall call witnesses and hear testimony and review evidence both favorable and unfavorable to the accused offender. Should the offender choose to waive his/her rights to a witness/Lay Advocate/evidence during the disciplinary hearing, the Disciplinary Hearing Officer shall note such waiver on the REPORT OF DISCIPLINARY HEARING and the offender shall sign indicating acknowledgment of this waiver.

    c. The Disciplinary Hearing Officer shall afford each offender all rights as contained in this policy and administrative procedure and on State Form 39585.

Did you present Ground Three to the Final Reviewing Authority?   X Yes.   ◯ No, because _____.

[*DO NOT write in the margins or on the back of any pages. Attach additional pages if necessary.*]

**GROUND SEVEN**: [*Briefly describe your claim.*] The Sufficiency of the evidence relied upon for the finding of guilt.

Supporting Facts: [*Do not argue or cite law. Just state the specific facts that support your claim.*]

1. Deliberation and Decision:

    a. The Disciplinary Hearing Officer shall consider all evidence (physical, written, and verbal) obtained in the disciplinary process. Observers shall not enter into discussions with the Disciplinary Hearing Officer or attempt to influence the Disciplinary Hearing Officer's decision.

    b. The decision shall be guilty, not guilty, or dismissed. If an offender admits guilt or the evidence shows guilt of an equal or lesser related disciplinary code violation as indicated in ATTACHMENT I, the Disciplinary Hearing Officer may find the offender guilty of such code violation and shall document on the
    REPORT OF DISCIPLINARY HEARING any change in the original charged offense. Any change in the charged offense must have a clear and reasonable relation to the original offense.

    c. A not guilty or guilty finding shall be supported by a preponderance of the evidence. A preponderance of the evidence means "more likely than not."

    (1) The decision shall be based solely upon information obtained during the hearing process, including staff reports, statements from the charged offender, evidence derived from witnesses and documents and physical evidence, if any.
    (2) The Disciplinary Hearing Officer shall document all evidence considered in the disciplinary hearing on the REPORT OF DISCIPLINARY HEARING.
    (3) The Disciplinary Hearing Officer shall not simply check a box. Further explanation or description of what was relied upon and what was considered is required.
    (4) The evidence relied upon shall be documented in the "Evidence Relied Upon" section of the REPORT OF DISCIPLINARY HEARING. The Disciplinary Hearing Officer shall articulate how the evidence relied upon supports the not guilty or guilty finding. The "Evidence Relied Upon" section may list all or a subset of all the evidence considered. It is the evidence the Disciplinary Hearing Officer relied on to support his or her decision.

    A Disciplinary Hearing Officer should avoid using generic language such as "staff reports" in the written portion of the explanation of evidence. A Disciplinary Hearing Officer should specifically identify the witness statement and reports the Disciplinary Hearing Officer considered and relied upon (for example: "C.O. Smith's and C.O. Jones' witness statements were considered and relied upon.")

[*DO NOT write in the margins or on the back of any pages. Attach additional pages if necessary.*]

All of the presented reports, witness statements, and evidence is to be *considered* during a disciplinary hearing, whether the evidence supports the charge, disproves the charge, is meaningful, or not meaningful. A Disciplinary Hearing Officer should list all of this as considered material. The material relied upon are the reports, witness statements, and evidence presented that form the basis of the decision. A Disciplinary Hearing Officer should also list these items and identify them as the items upon which the decision is based.

Did you present Ground Three to the Final Reviewing Authority? **X** Yes. ◯ No, because _____.

## DOCUMENTS

I have attached these documents from this disciplinary hearing: [*Check all that apply*.]

**X** Report of Conduct
**X** Screening Report
**X** Report of Disciplinary Hearing
**X** Letter from the Final Reviewing Authority
**X** Other relevant documents: Request for Interview Dated 3/16/22, requesting ACH Shake Down Log and Witnesses. Both Witness Statements. (3) Postponements of Disciplinary Hearing Forms. Request for Interview Dated 5/4/22, requesting Visitors Log.

## RELIEF

I ask for the following relief: That this case be dismissed and expunged from my institutional record or any other relief to which I may be entitled.

## DECLARATION AND SIGNATURE

I placed this petition in the prison mail system on __9__/__13__/2022 at __12__ am/**pm**.
[*Do not fill in this date and time until you give this petition to prison officials to send to the court.*]

I declare under <u>penalty of perjury</u> that all of the statements in this petition are true and agree I will promptly notify the court of any change of address.

_Troy Wright_
Signature

148021
Prisoner Number

[*DO NOT* write in the margins or on the back of any pages. Attach additional pages if necessary.]